# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| BRADLEY COUSINS | § | |
| | § | |
| V. | § | NO. 1:16-CV-852-LY |
| | § | |
| PORTFOLIO RECOVERY ASSOCIATES, | § | |
| LLC and WESTERN SURETY COMPANY | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before this Court are Plaintiff's Motion for Summary Judgment (Dkt. No. 14), Defendants' Response (Dkt. No. 17), and Plaintiff's Supplemental Authority (Dkt. No. 30); and Defendants' Motion for Summary Judgment (Dkt. No. 33) and Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Dkt. No. 41). The District Court referred the above motions to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. §636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules.

## I. GENERAL BACKGROUND

Plaintiff Bradley Cousins brings this suit against Defendants Portfolio Recovery Associates, LLC and Western Surety Company (collectively "PRA") under the Fair Debt Collection Practices Act and the Texas Debt Collection Act. Cousins alleges that PRA failed to communicate to a consumer reporting agency that a debt was disputed when it reported the debt. *See* 15 U.S.C. §1692e(8); TEX. FIN. CODE § 392.202(a).

Cousins allegedly incurred a credit card debt, but due to financial difficulties was unable to make his payments. Sometime later, this debt was sold to PRA. Cousins obtained a copy of his

credit report, which stated that he owed PRA $12,086.00. Believing this to be incorrect, Cousins—with the assistance of the attorneys at the Community Lawyers Group—allegedly sent a letter on April 21, 2016 to PRA disputing the debt. This letter reads:

> I am writing to you regarding the account referenced above. I refuse to pay this debt. My monthly expenses exceed my monthly income; as such there is no reason for you to continue contacting me, and the amount you are reporting is not accurate either. If my circumstances should change I will be in touch.

Dkt. No. 1-1 at 4. Cousins claims that this letter disputed the debt. However, when he once again checked his credit report from the Experian consumer reporting agency (CRA) in June 2016, he found that it still contained a line item from PRA for this debt that was not marked as disputed. This, Cousins alleges, violated the FDCPA and TDCA. Both Cousins and PRA have moved for summary judgment.

## II. LEGAL STANDARD

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a

motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

### III. ANALYSIS

The FDCPA was enacted:

> to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C § 1692(e). Section 1692e generally prohibits "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt." 15 U.S.C. §1692e. The section provides a non-exhaustive list of examples of such conduct, including "[c]ommunicating or

threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. §1692e(8). Congress "clearly intended the FDCPA to have a broad remedial scope" and "[t]he FDCPA should therefore be construed liberally in favor of the consumer." *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 511 (5th Cir. 2016) (quoting *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 732 F.3d 440, 445 n.11 (5th Cir. 2013)). Further, "[t]he conduct prohibited under the TDCA is coextensive with that prohibited under the FDCPA, at least insofar as [t]he same actions that are unlawful under the FDCPA are also unlawful under the TDCA." *Gomez v. Niemann & Heyer, LLP*, 2016 WL 3562148, at *6 (W.D. Tex. June 24, 2016) (internal quotations omitted).[1]

Cousins brings this motion for summary judgment contending that there are no genuine issues of material fact on his FDCPA and TDCA claims. PRA disputes this, arguing that Cousins has, at the very least, failed to establish that he disputed the debt.[2] To establish a claim under either the FDCPA or TDCA, Cousins must show that: (1) he has been the object of collection activity arising from a consumer debt; (2) PRA is a debt collector as defined by the FDCPA; and (3) PRA

---

[1] TEX. FIN. CODE § 392.202(a) reads in relevant part: "The third-party debt collector shall make a written record of the dispute. If the third-party debt collector does not report information related to the dispute to a credit bureau, the third-party debt collector shall cease collection until an investigation of the dispute . . . determines the accurate amount of the debt, if any."

[2] PRA additionally presents several evidentiary arguments. PRA first argues that the dispute letter and credit report were not authenticated. *Id.* at 2–4. Additionally, PRA contends that the deposition testimony was improperly included. *Id.* at 5. Though the objections are likely meritorious, the Court need not reach this issue as the motion for summary judgment should be denied, even considering this evidence. *See Palomo v. Portfolio Recovery Assocs., LLC*, No. A-16-CV-628-SS, Dkt. No. 26 (W.D. Tex. Apr. 4, 2017) ("Notwithstanding . . .the specific objections (primarily technical) of the defendant to the motion and supporting documents, the Court finds . . . that the alleged letter relied on by the plaintiff Palomo in this case and its further consequences establishes a factual issue that should be determined by the fact finder.").

has engaged in an act or omission prohibited by the FDCPA. *Hunsinger v. Sko Brenner Am., Inc.*, 2014 WL 1462443, at *3 (N.D. Tex. Apr. 15, 2014).

PRA asserts that it issued Requests for Admissions to Cousins on December 22, 2016. Dkt. No. 17-2 at 1; Dkt. No. 33-3 at 3. However, Cousins failed to respond to these requests until June 30, 2017, more than six months after service and three months after Cousins filed his motion for summary judgment. Dkt. No. 33-3 at 3. PRA therefore argues that all admissions should be deemed admitted under Federal Rule of Civil Procedure 36. Cousins does not dispute this allegation, but merely asserts that "the evidence in the deemed admissions do not entitle PRA to summary judgment because actual damages are not required to prevail in an FDCPA lawsuit." Dkt. No. 41 at 1–2.

Rule 36 states that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." FED. R. CIV. P. 36(a)(3). Moreover, "[a] matter admitted . . . is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b). The Fifth Circuit has held that a court may only allow the amendment or withdrawal of admissions on motion by the party. *See In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001) (citing *American Auto. Ass'n v. AAA Legal Clinic*, 930 F.2d 1117, 1120 (5th Cir. 1991)). Cousins has not filed such a motion. Nor do his responses to PRA's motion for summary judgment evidence an intent to do so. Therefore, the admissions are deemed admitted. *Id.*

Here, this means Cousins has admitted that "at no time between March 2013 and April 21, 2016 did [he] notify Defendant that this debt was inaccurate" or that "this debt was disputed." Dkt. No. 33-3 at 10. As the sole basis for PRA's alleged knowledge that Cousins disputed the debt arose

from the letter allegedly sent on April 21, 2016 (Dkt. No. 1 at 3), Cousins is unable to establish that PRA knew or should have known of the dispute. As deemed admissions "cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the summary judgment record," Cousins cannot prove that PRA has engaged in an act or omission prohibited by the FDCPA. *In re Carney*, 258 F.3d at 420. Similarly, because TEX. FIN. CODE § 392.301(a)(3) requires the same elements as a violation of the FDCPA, summary judgment should be granted for PRA on both of Cousins' claims.

## IV. RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion for Summary Judgment (Dkt. No. 14) and **GRANT** Defendants' Motion for Summary Judgment (Dkt. No. 33).

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 3rd day of November, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE